UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **Andrea May Gummo,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 2:12-00060 |
| | ) | Judge Sharp |
| **Robert Lee Ward,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Declaratory Judgment, and in the Alternative, Motion to Certify Questions of State Law to the Tennessee Supreme Court (Docket No. 15). For the reasons that follow, the Motion will be denied at this time.

## I. BACKGROUND

This is a personal injury and declaratory judgment action in which Plaintiff claims her minor daughter sustained injuries on January 27, 2012, when a Honda All Terrain Vehicle she was driving went off a public road and dropped off a fifty-foot cliff to a creek below. She sues Defendants for negligence, negligence *per se*, and recklessness because they allegedly allowed minor children to take four-wheelers onto a public road late at night when the roads were wet, and allegedly were aware that the Honda four-wheeler in question would not downshift or brake properly.

Plaintiff claims that, as a result of Defendants' negligence and recklessness, her daughter sustained injuries for which she is entitled to damages, along with punitive damages because of Defendants' conduct. Additionally, Plaintiff seeks a declaratory judgment.

Shortly after filing the Complaint, Plaintiff moved the Court declare that the caps on non-economic and punitive damages set forth in Tenn. Code Ann. § 29-39-102 and Tenn. Code Ann.

1

§ 29-39-104 are unconstitutional, on their face and as applied, and violate Art. I § 6 and Art. XI § 16 of the Tennessee Constitution. In the alternative, Plaintiff requests that the Court certify the question of the constitutionality of the statutory caps to the Tennessee Supreme Court.

## II. **DISCUSSION**

The Tennessee Civil Justice Act became effective on October 1, 2011. Under the Act, non-economic damages are capped at $750,000. Tenn. Code Ann. §29-39-102 (1)(2). These are defined to include damages for "physical and emotional pain; suffering; inconvenience; physical impairment; disfigurement; mental anguish; emotional distress; loss of society, companionship, and consortium; injury to reputation; humiliation; noneconomic effects of disability, including loss of enjoyment of normal activities, benefits and pleasures of life and loss of mental or physical health, well-being or bodily functions; and all other nonpecuniary losses of any kind or nature." Id. § 29-39-101. [1]

The Act also contains limits on punitive damages. Specifically, the Act provides that "[p]unitive or exemplary damages shall not exceed an amount equal to the greater of (A) two (2) times the total amount of compensatory damages awarded; or (B) five hundred thousand dollars ($500,000)." Id. 29-39-104(a)(5).

Insofar as Plaintiff asks the Court to declare the caps on non-economic and punitive damages unconstitutional, her request will be denied for now because it is not ripe for consideration.

"[R]ipeness 'is drawn both from Article III limitations on judicial power and from prudential

---

[1] This cap is increased to $1,000,000 for a "catastrophic loss/injury," which is defined to include a spinal cord injury resulting in paraplegia or quadriplegia, amputation of two hands, two feet, or one each; third degree burns over 40% or more of the body, or third degree burns up to 40% or more of the face; or wrongful death of the parent leaving a surviving minor child of a deceased parent with custody or visitation rights. Id. & § 29-39-102(d). The present case does not appear to fall within the catastrophic loss category.

2

reasons for refusing to exercise jurisdiction.'" Warshak v. United States, 532 F.3d 521, 525 (6th Cir. 2008) ( *en banc*) (quoting Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003)). "[T]he ripeness doctrine poses 'a question of timing' and counsels against resolving a case that is 'anchored in future events that may not occur as anticipated, or at all.'" Susan B. Anthony List v. Driehaus, 2013 WL 1942821 at *3 (6th Cir. May 13, 2013) (citation omitted). "Three factors guide the ripeness inquiry: '(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings.'" Berry v. Schmitt, 688 F.3d 290, 298 (6th Cir. 2012) (quoting, Grace Cmty. Church v. Lenox Twp., 544 F.3d 609, 615 (6th Cir. 2008)). The Court is to "weigh [these] factors when deciding whether to address the issue presented for review." Kentucky Press Ass'n, Inc. v. Kentucky, 454 F.3d 505, 509 (6th Cir. 2006).

Collectively, the factors do not counsel in favor of this Court adjudicating the constitutionality of Tennessee's caps on non-economic and punitive damages at this time. While the failure to make the constitutional determination presently could conceivably present a hardship to the parties to the extent it impacts upon settlement discussions, this potential hardship is outweighed by the fact that it is unclear whether the harm will ever come to pass, and the factual record is not sufficiently developed to adjudicate the merits of Plaintiff's claim that she is entitled to a ruling on the statutory caps.

The statutory caps on non-economic and punitive damages will have no relevance to this case unless, and until, Plaintiffs obtains a verdict in excess of one or more of those caps.[2] Whether

---

[2] The act provides that the caps "shall not be disclosed to the jury, but shall be applied by the court[.]" Tenn. Code Ann. § 29-39-102(g) & 104(a)(6).

3

the caps are implicated in this case is very much an open question at this time because Defendants deny liability, assert comparative fault, and have taken the position that Plaintiff is not entitled to any recovery, let alone a recovery in excess of the statutory caps on non-economic or punitive damages.

If the Court were to undertake a determination of the constitutionality of the statutory caps at this time, it may be engaging in nothing more than an academic exercise that potentially has ramification beyond this case. This, the Court is disinclined to do, because "'[a] fundamental and longstanding principal of judicial restraint requires that courts avoid reaching constitutional question in advance of the necessity of deciding them.'" United States v. Doyle, 711 F.3d 729, 736 (6th Cir. 2013) (quoting, Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 445–46 (1988)).

Insofar as Plaintiff alternatively requests that the Court certify the issue to the Tennessee Supreme Court, that, too, will be denied.

The decision of whether to certify a question to a state supreme court "rests in the sound discretion of the federal court." Lehman Bros. v. Shein, 416 U.S. 386, 391 (1974). "While a matter of discretion, it is not a decision undertaken lightly by this Court" because "federal courts often answer state law questions, just as state courts answer federal questions," and because "the practice of certifying questions can be overused and add unnecessary burden on the answering court[.]" Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Ctny, 2011 WL 4048523 at * 12 (M.D. Tenn. Sept. 12, 2011); see, Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009) ("the federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks.").

Under Tennessee law,

> The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

Tenn. Sup.Ct. R. 23 § 1. "Rule 23 permits consideration of questions of law only, not questions of fact or controversies as a whole." Seals v. H & F, Inc., 301 S.W.3d 237, 241 (Tenn. 2010).

In its present posture, this case does not meet the requirements of Tennessee Supreme Court Rule 23. An answer to the question of whether the statutory caps violates the Tennessee Constitution will not be determinative of the case; the case will go forward regardless, and whether the statutory caps come into play will only arise if the jury finds Defendants liable and awards damages in excess of the caps. See, Mehlenbacher v. Akro Nobel Salt, Inc., 216 F.3d 291, 300 (2nd Cir. 2000) (refusing to certify question "despite the uncertainty in New York law as to the availability of stigma damages, that issue is not currently determinative of the action"); Shirazi v. Childtime Learning Center, Inc., 2008 WL 508088 at *1 (W.D. Okla. Feb. 22, 2008) ("certification is not warranted for merely hypothetical questions" under similar Oklahoma rule); Patel v. United Fire & Cas. Co., 80 F. Supp.2d 948, 954 (N.D. Ind. 2000) (refusing to certify, under comparable Indiana rule, questions of whether insureds were entitled to consequential damages on breach-of-contract claim and whether insureds were entitled to emotional damages on bad faith claim because answers would not be "determinative of the cause").

### III. CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Declaratory Judgment, and in the

Alternative, Motion to Certify Questions of State Law to the Tennessee Supreme Court will be denied at this time.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE